IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                   Case No. 22-10088-JWB

JACOB BERG,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's appeal of the magistrate judge's order of release, and its motion for detention. (Doc. 13.) The court held a hearing on December 1, 2022 and took the matter under advisement. For the reasons stated herein, the government's motion for detention (Doc. 13) is GRANTED and the magistrate judge's order of release (Doc. 12) is REVOKED.

**I.    Facts**

On November 1, 2022, a grand jury returned a two-count indictment against Defendant. Count One charged that on September 3, 2021, Defendant knowingly distributed child pornography by means of interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2). Count Two charged that on that same date, Defendant knowingly possessed material containing an image of child pornography that had been transported in interstate commerce and that was produced with materials in interstate commerce, and which involved a prepubescent minor who had not attained twelve years of age, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Doc. 1.)

The government proffered facts relating to the alleged offenses. In September 2021, law enforcement received a cyber tip from Dropbox, a cloud storage provider, reporting that a user,

Geekub, associated with an email jakeroflcopter@gmail.com, had uploaded child pornography to its servers on August 18, 2021. Dropbox became aware of the images because they were shared with another user. Dropbox locked the account associated with this child pornography in August 2021, which resulted in an email complaint by Defendant to Dropbox about his account being disabled.

The geolocation data caused the Dropbox tip to be referred to the Kansas Internet Crimes Against Children (ICAC) Task Force. Kansas ICAC issued a search warrant for the Dropbox account as well as the Google account and for the provider associated with the IP logs, Cox Communications.

When the search warrant for the Dropbox account was executed, additional child pornography was found. For reasons that are not entirely clear, Defendant received an email on January 10, 2022, from Dropbox notifying him about the search warrant by Wichita Police Department.

Law enforcement discovered that Defendant was a service member with the Air Force at McConnell Air Force Base. The Kansas ICAC referred the tip to the Air Force Office of Special Investigations (AF OSI). On February 16, 2022, approximately five weeks after Dropbox inadvertently notified Defendant about the warrant, AF OSI executed a residential search warrant at Defendant's apartment. During that search, an iPhone 13, Asus laptop, and Dell laptop were found. A couple of other computers found in the home were examined and contained no evidence, such as a friend's laptop Defendant intended to work on.

On the iPhone, law enforcement found the emails from Dropbox related to his account and the search warrant. Law enforcement also found 208 animated child exploitative images on the iPhone.

The Dell laptop showed that it had been connected to four external storage devices between September 5 and 6, 2021, shortly after Defendant's Dropbox account had been locked. Forensic imaging of the laptop showed that at least some of the file paths used on the external devices which had been connected were indicative of child pornography. There were also numerous deleted files of child pornography which included images of prepubescent females being penetrated by adult males. During the first search of Defendant's home, law enforcement did not find any of the external devices that had been connected to the Dell laptop.

Examination of the Asus laptop showed that a CCleaner application had been used and then the operating system had been re-installed on January 27, 2022. The use of the CCleaner and reinstallation of the operating system happened shortly after Defendant received the email from Dropbox regarding the warrant and indicate some type of attempt to delete or hide evidence on the computer. The first search of the home also lead to the discovery of numerous sex toys, including a small "bottom/vagina" device, the proportions of which would be consistent with that of a child.

Law enforcement discovered another cell phone during or subsequent to Defendant's arrest. Defendant's wife also provided law enforcement with an Alienware laptop. The Alienware laptop, which is still being examined, indicated that it had either searched for or accessed a service used to anonymize a user's IP address. The Alienware laptop also showed that it had been connected to storage devices, including an external hard drive that had also been connected to the Asus laptop. Law enforcement found this external hard drive during a subsequent search conducted pursuant to a second search warrant for Defendant's home. Additionally, law enforcement found an internal drive and a MicroSD card during this second search.

Defendant's service in the Air Force poses additional complications if he is to be released. Defendant's direct supervisor indicated, through U.S. Probation, that Defendant must have access

to the internet at work and that the internet usage would be difficult to monitor on base. Pornographic websites are blocked on base. Defendant's security clearance has been revoked and he is unable to be deployed. Defendant's job was to fuel planes, but his job would have to change if he was subject to location monitoring. Probation officers must be escorted on base by someone with a military I.D. and would not be allowed in restricted areas. Any discipline or discharge by the Air Force would not occur unless Defendant is convicted.

The government moved for detention pending trial, arguing Defendant was a danger to the community and had a history of destroying evidence and trying to thwart detection for his crimes. The magistrate judge ordered that Defendant be released pending trial under various conditions, including no access to internet except for as required at work. The government seeks revocation of the order of release and an order that Defendant be detained pending trial. The government noted at the December 1, 2022, hearing that the probation office agrees with the government and requests Defendant be detained.

**II.     Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (internal quotation omitted). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer, or it may insist on direct testimony. *See id*.

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence...or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight and danger to the community when a defendant is charged with an offense involving a minor victim under § 2252A(a)(2), as is the case here. *See* 18 U.S.C. § 3142(e)(3)(E). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F.Supp.2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges Defendant with offenses involving a minor victim, including distribution of child pornography, and thus raises the rebuttable presumptions of risk of flight and danger to the community. *See id.*

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the court's detention decision. *Id*. The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (noting burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id*. at 1252.

**III.  Analysis**

  **A.  Nature and Circumstances of the Offense**

There is a statutory presumption of detention for the distribution charge. 18 U.S.C. § 3142(e)(3)(E). Both counts charged in the Indictment qualify as crimes of violence. 18 U.S.C. §§ 3142(f)(1)(A); 3156(a)(4)(c). The counts also involve crimes against prepubescent, minor children who are incapable of knowingly consenting to sexual conduct, making these offenses particularly serious. The government's proffer indicates that the images here involve prepubescent children being sexually abused and penetrated by adult men, acts of violence against innocent children. The government also proffered evidence of one sex toy found in Defendant's residence which mimics a child's body and suggests that Defendant has moved beyond mere possession of images. Additionally, there is evidence that Defendant was sharing the images via Dropbox, perhaps suggesting an exchange of images encouraging further violence against children. All of this

conduct indicates that Defendant's release would be dangerous to the community, particularly to children who are unable to protect themselves. This factor weighs in favor of detention.

### B.  Weight of the Evidence

The government's proffer indicated substantial forensic and physical evidence ties Defendant to the allegations. The proffer indicates that digital evidence was obtained from Dropbox, Google, Cox Communications, and Defendant's devices documenting that Defendant possessed and distributed child pornography. The government represents that emails on Defendant's devices tie him to the Dropbox account which contained the child pornography. The weight of evidence balances in favor of detention, suggesting danger to the community.

### C.  History and Characteristics of Defendant

Defendant is a 23-year-old United States citizen. He resided in Chelsea, Alabama from the time he was born until he was stationed at McConnell Air Force Base in 2018. He is married and has no children and lives in an apartment with his wife. Defendant has been in the Air Force for four years and manages the jet fuel storage units and systems that distribute fuel onto planes. He has no prior criminal convictions or known criminal history other than the counts now against him. Defendant's absence of a criminal history would generally favor release, but it is not uncommon for defendants charged with child pornography crimes to present with no criminal history because of the difficulty in detecting those crimes.

### D.  Danger to the Community

The court must order pretrial release of a person subject to appropriate conditions unless the court determines that release would put any other person or the community in danger. *See* 18 U.S.C. § 3142(b). Danger to the community is more broadly construed than "the mere danger of physical violence." *United States v. Kroeker*, Case No. 22-3092, 2022 WL 2610344, at *4 (10th

Cir. July 8, 2022) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (per curiam)).  Community safety refers more broadly to the risk that the defendant might commit any criminal activity which would harm the community.  *Id.*  Similarly, Congress has determined that "the existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." *United States v. Davin*, No. 12-10141-EFM, 2012 WL 2359419, at *3 (D. Kan. June 20, 2012) (quoting Pub. L. No. 104–208, § 121, 110 Stat. 3009 (codified at 18 U.S.C. § 2251)).  There is a clear danger to the community, shown here by Defendant's possession and distribution of these images.  Moreover, Defendant's efforts to destroy and hide evidence and to otherwise thwart detection by his technical sophistication give the court pause as to whether any conditions could be imposed which could assure that Defendant would not continue this behavior on release.  Tellingly, Defendant knew in advance that law enforcement had obtained a search warrant for Defendant's Dropbox account and the evidence suggests that Defendant attempted to hide physical evidence (the external storage devices) and to wipe or erase forensic evidence on his devices.  But that did not stop Defendant from engaging in this conduct as a whole – according to the government's proffer, law enforcement found more than 200 animated images of child exploitation materials on his phone.  Further, the government proffered that a sex toy found in Defendant's residence mimicked a child's body.  This indicates a continued interest in child pornography and a potential technical ability to conceal evidence of his conduct.  This factor strongly favors detention.

The court finds that the information available concerning the § 3142 factors shows by clear and convincing evidence that Defendant's release would pose a danger to the community.  Furthermore, the court finds that there are no conditions or combination of conditions that would reasonably assure the safety of the community if Defendant were released.  Defendant proposes

8

that he return home to his wife and that they will not have internet access, but the internet is easily accessible and Defendant presumably has either concealed his conduct from his wife in the past, or, if his wife was aware of his misconduct, then the history indicates she is not effective at curbing it. *See United States v. Ybarra*, No. 21-10061-JWB, 2021 WL 3849470, at *4 (D. Kan. Aug. 27, 2021) ("Access to the internet is gained not only from a home computer, but also from public computers and hand-held devices which are readily available and easily concealed."). Moreover, Defendant would continue to need internet access at work, and Air Force personnel have notified the court that it would be difficult to monitor that internet access on base. Therefore, there is a significant risk that Defendant could continue this criminal activity and hide it from others. The nature and circumstances of the alleged offense in this case strongly indicate Defendant has a propensity to engage in such conduct, to a degree that his release would pose an unacceptable risk of harm to the community—even with conditions restricting his use of the internet.

## IV. Conclusion

The government has carried its burden by proving by clear and convincing evidence that there is no combination of conditions that would reasonably assure the safety of others and the community if Defendant were released pending trial. The magistrate judge's order of release previously entered (Doc. 12) is accordingly REVOKED and the government's motion for detention (Doc. 13) is GRANTED.

Defendant Jacob Berg is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of the

corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 2nd day of December, 2022.

                                                                              s/ John W. Broomes
                                                                             JOHN W. BROOMES
                                                                             UNITED STATES DISTRICT JUDGE